United States District Court
Western District of New York

| | |
|---|---|
| United States of America,<br>     *Plaintiff* | |
|   *vs* | RESPONSE TO<br>BAIL REVOCATION |
| Alexander Green,<br>     *Defendant* | 14-cr-6038 |

  Alexander Green is scheduled to appear before the Hon. Jonathan Feldman, United States Magistrate Judge, on September 4, 2015 at 10 a.m. to answer to an alleged violation of pretrial supervision. At the hearing, argument will be made on his behalf on why the Court should not revoke his pretrial release. This response is submitted to the Court to provide advance notice of some documents which Mr. Green will ask the Court to consider in making its decision.

### RETURN TO CALIFORNIA

  Mr. Green's recent travel from Rochester, New York to California, where he is now working, was for the purpose of attending the court proceedings in case on August 19, 2015. He was ticketed to return to California on August 21, 2015 with his brother and co-defendant, Charles Green. Due to a mix-up by Mr. Green on the time of the flight departure, he missed his flight. His brother called him from the airport, but it was too late to get to the flight. Mr. Green intended to return to California on Monday, August 23, 2015, when the above events interceded. On Saturday, August 22, 2015, a friend of Mr. Green called him and asked him if he wished to attend the Phish concert in Watkins Glen, New York. (Watkins Glen is within the Western District of New York.) Mr. Green intended to go the concert and return to Rochester immediately after it. His attendance at the Phish concert was

interrupted by his arrest in the Village of Penn Yan that day. After his arrest, his Monday return plans were changed because of the arrest and the need to report locally to probation officer. Mr. Green acknowledges that he should have called his probation officer on Friday, August 21, 2015 after he missed his flight, and not waited until Monday. During his stay in New York, he was at his mother's house where he told probation he would be.

## USE OF CELL PHONE

When Mr. Green was stopped by the Village Police in the Village of Penn Yan on August 22, 2015, he was using his cell phone for GPS directions. At that time, he had an ear piece and speaker attached to the cord to cell phone so he could use the cell phone hands free. Obviously the officer saw him with the cell phone in his hand which resulted in his traffic stop.

## SUSPENDED DRIVER'S LICENSE

Contrary to the allegations made by the prosecution at the oral argument of Mr. Green's pretrial motions, Mr. Green has filed income taxes for the years 2010 through 2013. Because his legal residence has never been changed from New York State, he filed New York State income taxes returns with his federal tax returns. Unfortunately, at the time of filing his taxes, he did not have the resources to pay the outstanding taxes which were owed. Upon receiving his tax statements, the New York State Income Tax Department apparently suspended his driving privileges in the State of New York. As is typical with the Department of Motor Vehicles, no notice of suspension of driving privileges for DMV violations or other statutes is given to the licensee. Mr. Green never received any notice that his driving privileges were suspended as a result of his tax delinquency. Attached to this response is a statement from the Department of Motor Vehicles indicating that his driving privileges have now been restored because he has reached an agreement with the New York State Income Tax Department for payment of outstanding taxes over a period of time. (Exhibit A)

## POSSESSION OF A CONTROLLED SUBSTANCE

After Mr. Green was stopped by the Village of Penn Yan police, they discovered that his driver's license was suspended and that there was an outstanding warrant against in the State of Oregon. This triggered his arrest and an exhaustive search of the car he was driving, which belonged to his step-father, William Pharis. This search took in excess of five (5) hours. Apparently during the search, a police officer found an empty pistol cartridge in the car. This resulted in questioning of Mr. Green about it and any weapons in the car. Mr. Green advised them that he did not know anything about the shell cartridge and did not have any weapons. During the search, the police also found a locked lock box under the passenger seat. They asked Mr. Green for the combination to the box, but he did not know it. He gave them Mr. Pharis' contact information so they could call him. Mr. Pharis gave the police combination and permission to open the box. (See the attached email from William Pharis. Exhibit B) No weapons or anything else were found in the box. Mr. Pharis is a licensed hand gun owner and participates in shooting contests and target practice. The box is used by him to transport his hand guns for these purposes.

After Mr. Green had been in custody for over five (5) hours, he was approached by one of the arresting offers who waived a tiny plastic bag in front on him while he was in the cell. He said to Mr. Green, "Look what we found." Mr. Green denied that he possessed any sort of drugs. He has pled not guilty to these charges and they will be resolved at a later date in the Village of Penn Yan.

It should be noted that Mr. Green was tested by the probation officer on August 25, 2015 and was negative for any narcotic substances.

## OREGON CHARGES

There is a warrant for Mr. Green for a marijuana possession charge, which has been outstanding for several years. (This arrest, search, and seizure is one of the suppression issues pending before this Court.) The Oregon warrant was outstanding at the time Mr. Green was arrested for the case pending before this Court. It was known to the Federal Court in San Francisco where Mr. Green was initially arraigned and bail was set. It has been known to everyone since that time. Oregon has not attempted to extradite Mr. Green from California because of the nature of the charge and the Oregon law.

Mr. Green has been represented in the Oregon case by Brian Michaels, Esq., of Eugene, Oregon. I have had extensive contact with Mr. Michaels for many months about trying to have the Oregon case resolved. At one point, as Assistant District Attorney in Medford, Oregon offered a plea agreement where Mr. Green would be able to plead to a misdemeanor, forfeit any money which he had on him at the time of his arrest, and would be able to do so without physically appearing in Oregon State Court. As some point in time several months ago, that Assistant District Attorney apparently left the office. Mr. Michaels advises me that he has been negotiating with another Assistant District Attorney who has told him that she is willing to abide by the previous plea offer. Attached is a copy of a waiver of appearance for a change of plea and sentencing which was prepared by Mr. Michaels for Mr. Green. It has not yet been finalized. (Exhibit C) Mr. Michaels advises me that the Assistant District Attorney is still willing to go along with this agreement but is has not yet been court approved. He is attempting to get the matter scheduled before a court with jurisdiction to take the plea and approve it.

## MR. GREEN'S BUSINESS

On several occasions in the past, permission has been requested and granted for Mr. Green to travel outside of the confines of New York and California which are part of his bail restrictions. The purposes of this travel has been for Mr. Green to demonstrate, promote, and

market an invention which is called "Sugar Cubes".  Mr. Green has started a corporation called Symmetry Labs for this business.

Earlier this year, Mr. Green was invited to go the Cannes Film Festival, all expenses paid, to demonstrate his electronic device.  Application was not made to the Court for travel permission for this, because of the pending Oregon warrant.

Attached to this response are two recent contracts for Mr. Green to display his Sugar Cube invention.  The first, on behalf of Google, is the Grace Hopper Conference in October in Houston, Texas. (Exhibit D)   The second is on behalf of George P. Johnson at the Green Force Conference in 2015 in San Francisco, California. (Exhibit C)   These are presented to the Court to demonstrate that Mr. Green has ben actively working on his private business and has two significant contracts to perform in the next several months.

## FURTHER ARGUMENT

Further explanation and argument will be made before the Court on September 4, 2015 at 10:00 a.m.

Date: September 3, 2015                   /s/ James P. Harrington

James P. Harrington
harrington A mahoney
Attorneys for Defendant
70 Niagara Street, Third Floor
Buffalo, NY  14202-3407
(716) 853-3710 (*facsimile)*
(716) 853-3700 (*voice*)
jph@harringtonmahoney.com