IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

          v.                                                        14-CR-6038-EAW

ALEXANDER GREEN,

          Defendant.
_____

## PLEA AGREEMENT

The defendant, ALEXANDER GREEN, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a two-count Superseding Information which charges:

    a. In Count 1, a violation of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute and to distribute 50 kilograms or more of marijuana), for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $1,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 3 years and up to life.

b. In Count 2, a violation of Title 18, United States Code, Section 1956(h) (conspiracy to commit money laundering), for which the maximum possible sentence is a term of imprisonment of 20 years, a $500,000 fine, a mandatory $100 special assessment and a term of supervised release of 3 years.

c. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The government agrees that an information pursuant to Title 21, United States Code, Section 851 will not be filed with respect to the charge in Count 1 of the Superseding Information.

3. The defendant will also admit the First Forfeiture Allegation of the Superseding Information, which alleges that property constituting or derived from proceeds of the above-described controlled substance offense, or substitute property, is subject to forfeiture to the United States pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 853(p). The payment by the defendant of $50,000 as referred to in ¶29(a), in addition to the already completed administrative forfeitures referred to in ¶28(a), shall constitute and satisfy, in full, all obligations under the First and Second Forfeiture Allegations of the Superseding Information.

4. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 4 years, without credit for

time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

5. The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

### Count 1 - 21 U.S.C. § 846

First, that an agreement existed between two or more persons to commit a controlled substance felony offense, to wit, to possess with intent to distribute or to distribute a mixture or substance containing a detectable amount of marijuana;

Second, that the defendant knew of the existence of the agreement;

Third, that the defendant intended to participate in the unlawful agreement; and

Fourth, that a quantity of at least 50 kilograms of marijuana was reasonably foreseeable to the defendant as being within the scope of the agreement.

### Count 2 - 18 U.S.C. § 1956(h)

First, that an agreement existed between two or more persons to commit a violation of Title 18, United States Code, Section 1956, to wit, to knowingly conduct or attempt to

3

conduct financial transactions affecting interstate commerce which involve the proceeds of specified unlawful activity, namely, the unlawful distribution of marijuana, with the intent to promote the carrying on of that specified unlawful activity, and while knowing that the property involved in the financial transactions represents the proceeds of some form of unlawful activity; and

Second, that the defendant, knowing the unlawful purpose of the plan, joined in it with the specific intent to commit the offense that is the object of the agreement.

Title 18, United States Code, Section 1956(a)(1)(A)(i) makes it a crime for anyone knowingly to use the proceeds of specified illegal activity to promote the carrying on of specified illegal activity.

## FACTUAL BASIS

6. The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty including relevant conduct:

### Count 1 - 21 U.S.C. § 846

a. From in or about January 2010, through and including in or about March 2014, in the Western District of New York, and elsewhere, an agreement or understanding existed between the defendant, ALEXANDER GREEN, and others, including, but not limited to, Charles Green, Michael Amalfi, Jr., Christopher Alvino, Peter Wilk, and Michael Marciano, to obtain quantities of marijuana that was being cultivated on the West Coast of the United States, including the States of California and Oregon, and to possess the marijuana with intent to distribute it, and to distribute it to others. The marijuana was ultimately delivered from the State of California to the Western District of New York.

4

b. Specifically, the defendant admits and agrees that he was obtaining significant quantities of marijuana and was shipping allotments of that marijuana from the State of California to his brother, Charles Green, who was located in New York City. Once the marijuana arrived on the East Coast, portions of the marijuana were subsequently transported upstate to individuals, including Michael Amalfi, Jr., Michael Marciano, Vincent Turner and Christopher Alvino, all of whom were located in the Rochester, New York area. The marijuana was transported either by Charles Green himself or by several individuals working on his behalf. The defendant and Charles Green set the pricing of the marijuana delivered to the individuals in Rochester. Once the marijuana was received in Rochester, it was thereafter distributed to various customers located in the Western District of New York. Michael Amalfi, Jr., was thereafter responsible for ensuring that all payments due and owing to the defendant and Charles Green for the quantities of marijuana were accurately made.

c. In furtherance of the conspiracy charged in Count 1 of the Superseding Information, on or about March 11, 2011, the defendant was a passenger in a vehicle being driven on Interstate 5 in Jackson County, Oregon. During a traffic stop of the vehicle, which had been rented by the defendant, the vehicle was found to contain five pounds of marijuana. In addition, the defendant was in possession of $1,100 cash which was money involved in or proceeds obtained from the illegal agreement to distribute marijuana.

d. In furtherance of the conspiracy charged in Count 1 of the Superseding Information, on or about November 8, 2013, the defendant was a passenger in a vehicle being driven by Aedan McDonald in Ukiah, California. As a result of a traffic stop by police in Ukiah, officers seized $99,914 from the defendant which was money involved in or proceeds obtained from the illegal agreement to distribute marijuana.

e. In furtherance of the conspiracy charged in Count 1 of the Superseding Information, on or about January 13, 2014, the defendant arrived on a flight at the San Francisco International Airport from JFK airport in New York City. Agents of the DEA San Francisco Airport Interdiction Group stopped the defendant in the airport and a consent search revealed the presence of $120,330 in cash, which was money involved in or proceeds obtained from the illegal agreement to distribute marijuana.

 f. For purposes of this plea agreement only, it is agreed that a quantity of at least 100 kilograms, but less than 400 kilograms, of marijuana was involved in the defendant's relevant conduct encompassed in Count 1 of the Superseding Information, which amount could be readily proven by the government against the defendant.

### Count 2 - 18 U.S.C. § 1956(h)

 g. From in or about January 2010, through and including in or about March 2014, in the Western District of New York, and elsewhere, an agreement or understanding existed between the defendant, ALEXANDER GREEN, and others, including but not limited to, Charles Green, Michael Amalfi, Jr., Christopher Alvino, Peter Wilk, and Michael Marciano, to conduct and attempt to conduct financial transactions affecting interstate commerce, that is, the transfer and delivery of bulk currency, which involved the proceeds of unlawful activity, with the intent to promote the carrying on of that unlawful activity, and while knowing that the property involved represented the proceeds of unlawful activity.

 h. The unlawful activity referred to above included the distribution of marijuana, a Schedule I controlled substance, and conspiracy to do so.

 i. The above facts are set forth for the limited purpose of complying with Rule 11(b)(3) and are not intended to serve as a complete statement of the defendant's criminal conduct.

### III. SENTENCING GUIDELINES

7.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

8. Regarding Count 1, the government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(8) apply to the offense of conviction and provide for a base offense level of 24.

9. Regarding Count 2, the government and the defendant agree that Guidelines § 2S1.1(a)(1) applies to the offense of conviction and provides for a base offense level of 24.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

10. The government and the defendant agree that the following specific offense characteristic applies to Count 2:

    a. the 2-level <u>increase</u> pursuant to Guidelines § 2S1.1(b)(2)(B) (conviction pursuant to 18 U.S.C. § 1956(h)).

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

11. The government and the defendant agree that the following Chapter 3 adjustment does apply to Count 1:

    a. the 4-level <u>increase</u> pursuant to Guidelines § 3B1.1(a) (aggravating role in the offense).

12. The government and the defendant agree that the following Chapter 3 adjustment does <u>not</u> apply to Count 2:

a. Any increase or decrease under Guidelines § 3B1 relating to role in the offense.

## ADJUSTED OFFENSE LEVEL

13. Based on the foregoing, and Guidelines §§ 3D1.2(c) and 3D1.3(a), it is the understanding of the government and the defendant that the combined adjusted offense level for the offenses of conviction is 28.

## ACCEPTANCE OF RESPONSIBILITY

14. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a **total offense level of 25.**

## CRIMINAL HISTORY CATEGORY

15. It is the understanding of the government and the defendant that the defendant's **criminal history category is II.** The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the

defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

16. It is the understanding of the government and the defendant that, with a total offense level of 25 and criminal history category of II, the defendant's sentencing range would be a term of imprisonment of **63 to 78 months, a fine of $10,000 to $1,000,000, and a period of supervised release of 3 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

17. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

18. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

19. In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances, including marijuana, or money laundering, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

20. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offenses charged, the circumstances surrounding the charges and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement, including the amount of a fine and/or the method of payment;

10

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

   e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

21. At sentencing, the government will move to dismiss the Indictment in this action as against the defendant.

22. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. <u>APPEAL RIGHTS</u>

23. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, **knowingly waives the right to appeal or collaterally attack any component of a sentence** imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 16, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves his right to argue the correctness of his sentence.

11

24. The defendant understands that, by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future he becomes aware of previously unknown facts or a change in the law which he believes would justify a decrease in his sentence.

25. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 16, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

26. Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure and subject to the approval of the Court, the defendant reserves the right to appeal the denial of the defendant's motion to dismiss Count 1 of the Indictment pursuant to the report and recommendation of the Honorable Jonathan W. Feldman, United States Magistrate Judge, entered on June 27, 2016, and the decision and order of the District Court entered on December 7, 2016. Should the defendant prevail on appeal, the defendant shall be allowed to withdraw the guilty pleas. The parties acknowledge that *Washington v. Sessions*, a civil case challenging the constitutionality of the scheduling of marijuana as a Schedule I controlled substance, is currently pending at the Second Circuit. In *Washington*, if the Second Circuit

holds, on the merits, that in a criminal context marijuana is properly classified as a schedule I controlled substance for both criminal trials and sentencing, the defendant agrees to withdraw or not file any notice of appeal regarding the June 27, 2016 and December 7. 2016 orders in this case.

## VII. FORFEITURE PROVISIONS

27. As a condition of the pleas, the defendant agrees not to contest any forfeiture or abandonment proceeding that may be brought by the United States and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all assets which are subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1) and/or Title 21, United States Code, Section 853 which are in the possession and control of defendant or the defendant's nominees. In addition, the defendant agrees that the assets that have been the subject of administrative forfeiture actions were properly forfeited in the administrative forfeiture actions pursuant to Title 18, United States Code, Section 981(a)(1)(C) and/or Title 21, United States Code, Section 881(a)(6). The defendant agrees to the criminal and/or administrative forfeiture of all assets listed in ¶¶ 28 and 29 below, the total value of those assets being approximately $279,484.

### ADMINISTRATIVE FORFEITURE

28. The defendant acknowledges that the Drug Enforcement Administration ("DEA") or Customs and Border Protection - Department of Homeland Security has

completed administrative forfeiture on the assets listed below. The defendant agrees not to contest the administrative forfeiture of the below assets and agrees to waive his right, title and interest to any and all of the assets that were administratively forfeited. Those assets include:

- a. **CURRENCY:**

    i. The sum of $120,330.00 in United States currency seized from the defendant at the San Francisco International Airport on January 13, 2014, and administratively forfeited by the DEA on June 2, 2014. The defendant further agrees that this amount was properly forfeited pursuant to Title 21, United States Code, Section 881(a)(6), as the $120,330.00 was money furnished or intended to be furnished in exchange for a controlled substance, proceeds of the defendant's illegal activities, or money used or intended to be used to facilitate defendant's illegal activities, and waives any other rights the defendant may possess to contest that forfeiture;

    ii. The sum of $99,914.00 in United States currency seized from the defendant in Ukiah, California, on November 8, 2013, and administratively forfeited by Customs and Border Protection - Department of Homeland Security on July 2, 2014. The defendant further agrees that this amount was properly forfeited pursuant to Title 18, United States Code, Section 981(a)(1)(C), as the $99,914.00 constituted or was derived from proceeds traceable to a violation of Title 21, United States Code, Section 846, and waives any other rights the defendant may possess to contest that forfeiture; and

    iii. The sum of $9,240.00 in United States currency seized from the defendant on April 4, 2014, and administratively forfeited by the DEA on August 6, 2014. The defendant further agrees that this amount was properly forfeited pursuant to Title 21, United States Code, Section 881(a)(6), as the $9,240.00 was money furnished or intended to be furnished in exchange for a controlled substance, proceeds of the defendant's illegal activities, or money used or intended to be used to facilitate defendant's illegal activities, and waives any other rights the defendant may possess to contest that forfeiture.

## **CRIMINAL FORFEITURE**

29. The defendant agrees to immediately criminally forfeit all of the defendant's right, title and interest to the assets listed below, which are subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1) and/or Title 21, United States Code, Section 853. Those assets include:

   a. **CURRENCY:**

   i. The sum of fifty thousand dollars ($50,000) in United States currency, said sum representing monies involved in money laundering and proceeds obtained from the illegal drug activity which the defendant is admitting to in this agreement. The full sum ($50,000) is due seven (7) days prior to sentencing and payment shall be in the form of a certified check or bank draft made payable to the United States Marshals Service or other form acceptable to the government.

30. The defendant agrees that if any of the property described in ¶ 29 above, as a result of any act or omission of the defendant, cannot be located, has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property of the defendant pursuant to Title 21, United States Code, Section 853(p).

31. The defendant also agrees that the assets listed in ¶ 29 above are properly forfeitable to the United States pursuant to Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853. The defendant further agrees to fully assist

the government in the forfeiture of the aforementioned property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to, surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, as deemed necessary by the government.

32. After the acceptance of these pleas of guilty, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a <u>Preliminary Order of Forfeiture</u> covering the items listed in ¶ 29. The defendant hereby waives any right to notice of such <u>Preliminary Order of Forfeiture</u>. The defendant further consents and agrees that the <u>Preliminary Order of Forfeiture</u> and a <u>Final Order of Forfeiture</u> shall issue and become final as to the defendant prior to sentencing and agrees that the forfeiture shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

33. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty pleas are accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine,

restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

34. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

35. This plea agreement represents the total agreement between the defendant, ALEXANDER GREEN, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

*[handwritten annotations: "and w/ respect to sentencing advocacy, those _____ stated on the record on ___ court at the time of re plea."]*

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
SEAN C. ELDRIDGE
Assistant United States Attorney

Dated: October 3, 2018

17

I have read this agreement, which consists of 18 pages. I have had a full opportunity to discuss this agreement with my attorney, David Rothenberg, Esquire. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my pleas of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
DAVID ROTHENBERG, ESQ.
Attorney for the Defendant

Dated: October 3, 2018

_____
ALEXANDER GREEN
Defendant

Dated: October 3, 2018